REISSUED FOR PUBLICATION

MAY 17 2021
OSM
U.S. COURT OF FEDERAL CLAIMS

# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed:  April 12, 2021

```
* * * * * * * * * * * * * * *    *
C.L.S.,                          *    UNPUBLISHED
                                 *
            Petitioner,          *    No. 19-1955V
v.                               *
                                 *    Special Master Dorsey
SECRETARY OF HEALTH              *
AND HUMAN SERVICES,              *    Motion for Redaction.
                                 *
            Respondent.          *
* * * * * * * * * * * * * * *    *
```

C.L.S., pro se, for petitioner.
Heather L. Pearlman, US Department of Justice, Washington, DC, for respondent.

## ORDER GRANTING PETITIONER'S MOTION FOR REDACTION[1]

On March 19, 2021, petitioner filed a motion to redact the undersigned forthcoming decision.  For the foregoing reasons, petitioner's motion is **GRANTED**.

## I.      RELEVANT PROCEDURAL HISTORY

On December 27, 2019, C.L.S ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program ("Vaccine Act" or "the Program"), 42 U.S.C. § 300aa-10 et seq. (2012).[2]  Petitioner alleged that he sustained injuries, including "Autoimmune Disorders, psychic injury and trauma, loss of wages and productivity, excessive medical expenses,

---

[1] The undersigned intends to post this Order on the United States Court of Federal Claims' website. **This means the Order will be available to anyone with access to the Internet.**  In accordance with Vaccine Rule 18(b), petitioners have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.  Because this unpublished order contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2012).  All citations in this Order to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

decreased quality of life, collateral damage, and challenge to fulfilling all God-given potential," resulting from adverse effects of diphtheria, pertussis, and tetanus ("DPT") vaccinations received on June 29, 1987, September 1, 1987, January 15, 1988, July 13, 1990, and July 9, 1991. Petition at Preamble (ECF No. 1).

Respondent filed a Motion to Dismiss on March 25, 2020.  Respondent's Motion to Dismiss, filed Mar. 25, 2020, at 1-2 (ECF No. 15).  On March 19, 2021, petitioner filed a motion to redact his name to his initials in the decision.  Petitioner's Motion to Redact ("Pet. Mot."), filed Mar.19, 2021 (ECF No. 31)

Respondent filed a response on April 1, 2021, outlining the standards for a motion for redaction and noting petitioner "filed no evidence in support of his requested redaction, nor has he provided any justification for why information contained in a decision that he has not seen would fall into the parameters of Section 12(d)(4)."  Respondent's Response to Pet. Mot. ("Resp. Response"), filed Apr. 1, 2021, at 4 (ECF No. 32).  Thus, respondent argued, "at present, it does not seem to warrant the relief requested;" however, respondent "defer[red] to the sound discretion of the Special Master to determine what remedy strikes the appropriate balance between public and private interests in this instance."  Id.

Petitioner did not file a reply.  This matter is now ripe for adjudication.

## II.    DISCUSSION

A motion for redaction is governed by section 12(d)(4)(B) of the Vaccine Act.  See § 12(d)(4)(B).  That section provides that information concerning "medical files and similar files" may be redacted if its disclosure "would constitute a clearly unwarranted invasion of privacy." Id.  What constitutes a "clearly unwarranted invasion of privacy" requires balancing petitioner's "right of privacy against the public purpose of the Vaccine Act."  W.C. v. Sec'y of Health & Hum. Servs., 100 Fed. Cl. 440, 460 (2011), aff'd, 704 F.3d 1352 (Fed. Cir. 2013).  While a petitioner has an interest in keeping sensitive medical or other embarrassing information private, the public has an interest in disclosure, so as to increase public awareness of vaccines and the medical conditions they may or may not cause.  Id. at 461.  In other words, sensitive information is often the subject of the litigation, and "in cases where sensitive information is the subject of the dispute, that information is routinely disclosed in decisions, to enable the reader to follow and understand the decision maker's rationale."  Castagna v. Sec'y of Health & Hum. Servs., No. 99-411V, 2011 WL 4348135, at *13 (Fed. Cl. Spec. Mstr. Aug. 25, 2011).

Although the Vaccine Rules make mandatory the redaction of a minor's name, adult petitioner's names, which are not similarly protected automatically, may also be redacted if the petitioner establishes proper grounds for redaction.  See R.V. v. Sec'y of Health & Hum. Servs., No. 08-504V, 2016 WL 3776888, at *2 (Fed. Cl. Spec. Mstr. May 10, 2016) ("[A] petitioner needs to make some showing to justify the relief of redaction; redaction is not available simply at a petitioner's beck and call.").

The undersigned will permit redaction in cases, such as this, where a specialized showing is made.  The facts and circumstances of this case warrant redaction of petitioner's name to

initials.  The undersigned expects that the decision will discuss petitioner's mental health issues in detail.  Mental illness has been found to be grounds for redaction.  See K.G. v. Sec'y of Health & Hum. Servs., No. 18-120V, 2018 WL 5784361, at *2 (Fed. Cl. Spec. Mstr. Sept. 13, 2018); J.H. v. Sec'y of Health & Hum. Servs., 123 Fed. Cl. 206, 206 n.1 (2015) (categorizing petitioner's and "petitioner's family history of mental illness" as grounds for redaction). **Accordingly, petitioner's motion for redaction of his name to his initials is GRANTED.**

Thus, the forthcoming decision shall be redacted to include only petitioner's initials, C.L.S.  Moreover, the undersigned further directs the clerk to (1) amend the case caption and (2) amend the caption on CM/ECF to the following:

```
*  *  *  *  *  *  *  *  *  *  *  *  *  *     *
C.L.S.                                       *
                                            *
            Petitioner,                     *
                                            *
v.                                          *
                                            *
SECRETARY OF HEALTH                         *
AND HUMAN SERVICES,                         *
                                            *
            Respondent.                     *
                                            *
*  *  *  *  *  *  *  *  *  *  *  *  *  *     *
```

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Special Master

3